UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RYAN ZIEMBA,

                *Plaintiff,*

- against -

THE CITY OF NEW YORK, THE NEW YORK CITY POLICE DEPARTMENT, NEW YORK CITY POLICE OFFICER JOHN DOE #1, POLICE OFFICER JOHN DOE #2, POLICE OFFICER JOHN DOE #3,

                *Respondents.*

ECF COMPLAINT

Docket No.: FILED MAR 30 2012 USDC WP SDN

12 CV 2379

JUDGE DANIELS

Plaintiff, RYAN ZIEMBA, by his attorneys, THE LAW OFFICE OF BARBARA A. MATARAZZO, as and for this Complaint respectfully alleges as follows:

### NATURE OF ACTION

1.     This action is for deprivation of plaintiff's Civil Rights, committed by the defendant while acting in concert and under color of state law in deprivation of plaintiff's rights, liberties and immunities as guaranteed to him by reason of the Eighth and Fourteenth Amendments to the United States Constitution. This Court is authorized to grant the plaintiff relief under 42 U.S.C. §§1983 and 1988.

## JURISDICTION

2. Jurisdiction in this matter is invoked in accordance with 28 U.S.C. §1331. Plaintiff further invokes the supplemental jurisdiction of the Court to hear and decide claims arising out of the pendant state claims pursuant to 28 U.S.C. § 1367.

3. Venue is proper in the Southern District of New York, pursuant to the 28 U.S.C. § 1391(b)1 and (2) as all defendant's resides within New York City and all of the events and omissions giving rise to plaintiff's claims occurred within New York City; the place of employment of the police officers/defendants is New York City, and the City of New York is within the jurisdiction of the Southern District of New York. Additionally, the plaintiff resides in New York City.

## THE PARTIES

4. The plaintiff, RYAN ZIEMBA, is a resident of the United States who lives in New York City within the Southern District of New York.

5. Upon information and belief, at all relevant times described herein, THE CITY OF NEW YORK was and is a municipal corporation, organized and existing by virtue of the law of the State of New York.

6. Upon information and belief, at all relevant times described herein, THE NEW YORK CITY POLICE DEPARTMENT was and is a department of THE CITY OF NEW YORK, responsible for the maintenance of law and order within THE CITY OF NEW YORK.

7. Upon information and belief, at all relevant times described herein, defendant POLICE OFFICER JOHN DOE #1 was employed as a Police Officer within THE CITY OF NEW YORK, employed with THE NEW YORK CITY POLICE DEPARTMENT in the County of New York.

8.  Upon information and belief, at all relevant times described herein, defendant POLICE OFFICER JOHN DOE #1 was acting within the scope of his employment as a New York City Police Officer.

9.  Upon information and belief, at all relevant times described herein, the defendant, POLICE OFFICER JOHN DOE #2, is an individual and was employed as a Police Officer within the CITY OF NEW YORK, with THE NEW YORK CITY POLICE DEPARTMENT, in the County of New York.

10. Upon information and belief, at all relevant times described herein, the defendant, POLICE OFFICER JOHN DOE #3, is an individual and was employed as a Police Officer within the CITY OF NEW YORK, with THE NEW YORK CITY POLICE DEPARTMENT, in the County of New York.

11. Upon information and belief, at all relevant times described herein, defendant, POLICE OFFICER JOHN DOE #2 was acting within the scope of his employment as a New York City Police Officer.

12. Upon information and belief, at all relevant times described herein, defendant, POLICE OFFICER JOHN DOE #3 was acting within the scope of his employment as a New York City Police Officer.

## FACTUAL ALLEGATIONS AND PROCEDURAL HISTORY

13. On June 5, 2011, at approximately 6:32 p.m., plaintiff was arrested in New York City, County of New York, by a Police Officer from the 5th Precint for plaintiff's alleged failure to pay an $8.20 taxi fare.

3

14. After plaintiff's arrest on June 5, 2011, plaintiff was detained in the 5th Precint and then transferred to Manhattan Central Booking located at 100 Centre Street, New York, New York.

15. Plaintiff remained in police custody and was denied access to a phone and an attorney, although both were duly demanded by plaintiff for approximately 20 hours.

16. Approximately 8 hours into plaintiff's detention on or about June 6, 2011, and while at Manhattan Central Booking, plaintiff was assaulted while handcuffed behind his back by POLICE OFFICER JOHN DOE #1, who lifted plaintiff out of the chair he was seated in, by his arms, slammed plaintiff against the wall behind him, and threw plaintiff to the ground, all while plaintiff's hands were handcuffed behind his back.

17. Prior to, during, and subsequent to the assault upon plaintiff by defendant, POLICE OFFICER JOHN DOE #1, defendants POLICE OFFICER JOHN DOE #2 and POLICE OFFICER JOHN DOE #3 stood by and failed to intervene to prevent the obvious violation of the plaintiff's Constitutional Rights.

18. Defendant Police Officers were advised by plaintiff of the injuries he sustained and defendant Police Officers failed to obtain and/or provide medical assistance to plaintiff, and failed to offer any assistance to plaintiff.

19. As a result of defendant POLICE OFFICER JOHN DOE #1's malicious and intentional assault of plaintiff, who was handcuffed behind his back at the time, plaintiff suffered a fractured shoulder, and torn rotator cuff, lacerations and bruising to his wrists, and other injuries.

20. On June 6, 2011, plaintiff was brought before a Judge in Manhattan Criminal Court and arraigned on a single count of petty larceny.

21. On June 6, 2011, plaintiff pled guilty to a violation and accepted an adjournment in contemplation of dismissal. Said ACD expired December 6, 2011, and no pending or further criminal prosecution remains.

22. Pursuant to New York State General Municipal Law, plaintiff filed a Notice of Claim with the City of New York on July 5, 2011, within the ninety (90) day statutory period, giving notice of plaintiff's claims to the extent required by law.

23. Pursuant to Section 50-h of the New York State General Municipal Law, plaintiff appeared for a 50(h) hearing that was conducted on behalf of the City of New York on November 2, 2011.

24. Over thirty (30) days has expired without THE CITY OF NEW YORK, the Police Department of New York, or POLICE OFFICER JOHN DOE #1, POLICE OFFICER JOHN DOE #2 and POLICE OFFICER JOHN DOE #3, remedying, settling or adjusting this claim.

### AS AND FOR PLAINTIFF'S FIRST CLAIM FOR RELIEF FOR EXCESSIVE FORCE (1983) AGAINST JOHN DOE #1

25. Plaintiff repeats and realleges each and every allegation contained in those paragraphs of the complaint marked and numbered previously with the same force and effect as if more fully set forth a length herein.

26. Defendant, POLICE OFFICER JOHN DOE #1, with willful and malicious intent, assaulted the plaintiff.

27. The actions of this defendant were intentionally, recklessly and/or negligently done to intimidate and did cause physical and emotional distress to the plaintiff.

28.  The excessive force used in the plaintiff's detention conducted by the defendant, POLICE OFFICER JOHN DOE #1, was conducted under color of state law within the purview of 42 U.S.C. § 1983, and plaintiff has suffered damages therefrom.

29.  The excessive force used in the plaintiff's detention was an abuse of power, constituted a seizure within the meaning of the Fourth Amendment and deprived plaintiff of his liberty. The seizure and deprivation of plaintiff's liberty was unreasonable and without due process of law, in violation of the Fourth and Fourteenth Amendments of the United States Constitution.

30.  As a proximate result of defendant, POLICE OFFICER JOHN DOE#1's intentional and malicious actions, plaintiff was greatly physically injured, humiliated, injured in his reputation, caused to incur attorneys' fees, associated legal expenses and other special damages, and has suffered great pain and mental anguish, all to plaintiff's damage in a sum to be provided at trial but not less than ONE MILLION DOLLARS ($1,000,000.00), plus punitive damages and attorneys' fees.

**AS AND FOR PLAINTIFF'S SECOND CLAIM FOR RELIEF AGAINST THE CITY OF NEW YORK AND THE NEW YORK CITY POLICE DEPARTMENT**

31.  Plaintiff repeats and realleges each and every allegation contained in those paragraphs of the complaint marked and numbered previously with the same force and effect as if more fully set forth at length herein.

32.  Upon information and belief, it was the custom, policy and practice of THE CITY OF NEW YORK and THE NEW YORK CITY POLICE DEPARTMENT to tolerate, condone, an encourage constitutional violations, such as those alleged by plaintiff above, by failing to properly punish, charge, reprimand, and investigate allegations and incidents of police

misconduct. Further, THE CITY OF NEW YORK and THE NEW YORK CITY POLICE DEPARTMENT have a policy, practice of pattern of conduct of *de facto* indemnification against civil liability for its Police Officers. Said policy is known to officers and has a direct impact on their actions.

33. Employees of THE NEW YORK CITY POLICE DEPARTMENT, such as the individual defendants in this action, were aware at all times alleged in this complaint that their unconstitutional conduct would not be investigated or questioned, and that they would receive no reprimand or be punished for their conduct.

34. By failing to supervise, train and reprimand such officers, THE CITY OF NEW YORK and THE NEW YORK CITY POLICE DEPARTMENT caused the injuries to plaintiff through the actions and inactions of individual defendants.

35. Upon information and belief, it was the custom, policy and practice of THE CITY OF NEW YORK and THE NEW YORK CITY POLICE DEPARTMENT to authorize and permit certain officers, including the individual Police Officer defendants to cause the assault of the person of plaintiff, despite the lack of any justification.

36. Upon information and belief, this custom, policy and practice of THE CITY OF NEW YORK and THE NEW YORK CITY POLICE DEPARTMENT to encourage and cause constitutional violations by the officers employed by them, including the violations of plaintiff's constitutional rights by individual defendants.

37. Defendants' failure to take action against the Officers involved in this incident and in other similar incidents was part of a custom, practice, and procedure of neglect and deliberate indifference that directly caused the injuries to plaintiff.

38. As authorized representatives of defendants, the Officers' conduct using unnecessary and excessive force, assault upon, such as the plaintiff, constituted a custom, policy and practice which renders the defendants liable to plaintiff as a "Person" acting under the color of state law.

39. These customs, policies and practices were enforced by the defendants and were the moving force, proximate cause, and affirmative link behind the conduct causing plaintiff's injuries.

40. Defendants, THE CITY OF NEW YORK and THE NEW YORK CITY POLICE DEPARTMENT, are therefore liable for violations of plaintiff's constitutional rights as caused by defendants, as described in more detail in the foregoing paragraphs, and plaintiff has suffered damages therefrom.

41. As a proximate and direct result of defendants' customs, policies and practices in creating an environment that tolerates, encourages, and condones such constitutional violations, plaintiff was greatly physically injured, humiliated, injured in his reputation, caused to incur attorney's fees, associated legal expenses and other special damages, and has suffered great mental anguish, all to plaintiff's damage in a sum to be provided at trial, but not less than ONE MILLION DOLLARS ($1,000,000.00), plus attorney's fees.

**AS AND FOR PLAINTIFF'S THIRD CLAIM FOR RELIEF FOR VIOLATION OF PLAINTIFF'S SUBSTANTIVE DUE PROCESS (1983) AGAINST THE CITY OF NEW YORK, THE NEW YORK CITY POLICE POLICE DEPARTMENT, NEW YORK CITY POLICE OFFICER JOHN DOE #1, POLICE OFFICER JOHN DOE #2, POLICE OFFICER JOHN DOE #3**

42. Plaintiff repeats and realleges each and every allegation contained in those paragraphs of the complaint marked and numbered previously with the same force and effect as if more fully set forth at length herein.

43. As a result of this arrest, and detention, plaintiff was denied his procedural rights under the United States Constitution and the New York State Constitution.

44. As a proximate result of defendants' actions, plaintiff was greatly physically injured, humiliated, injured in his reputation, caused to incur attorneys' fees, associated legal expenses and other special damages, and has suffered great mental anguish, all to plaintiff's damage in a sum to be provided at trial, but not less than ONE MILLION DOLLARS ($1,000,000.00), plus attorneys' fees.

**AS AND FOR PLAINTIFF'S FIFTH CLAIM FOR RELIEF FOR ASSAULT AND BATTERY (PENDENT) AGAINST THE CITY OF NEW YORK, THE NEW YORK CITY POLICE POLICE DEPARTMENT, NEW YORK CITY POLICE OFFICER JOHN DOE #1, POLICE OFFICER JOHN DOE #2, POLICE OFFICER JOHN DOE #3**

45. Plaintiff repeats and realleges each and every allegation contained in those paragraphs of the complaint marked and numbered previously with the same force and effect as if more fully set forth at length herein.

46. The aforestated actions of the defendants amounted to an assault and battery of plaintiff.

47. Plaintiff did not consent to the harmful and/or offensive touching by the defendants.

48. As a result of the aforementioned actions of the defendants, plaintiff suffered physical and emotional injuries.

49. The defendants' actions were intentionally, recklessly and/or negligently done to intimidate and did cause physical pain and emotional distress to plaintiff.

50. At all times mentioned, the Police Officer defendants were acting within the scope of their employment as Police Officers.

51. The actions of the officers and employees, which were preformed within their scope of employment, creates liability against the defendants, THE CITY OF NEW YORK and THE NEW YORK CITY POLICE DEPARTMENT under New York State Law.

52. Consequently, the defendants, THE CITY OF NEW YORK and THE NEW YORK CITY POLICE DEPARTMENT, are liable under *respondent superior* for the actions of their employees.

53. As a proximate result of defendants' intentional and malicious actions, plaintiff was greatly physically injured, humiliated, injured in his reputation, caused to incur attorneys' fees, associated legal expenses and other special damages, and has suffered great mental anguish, all to plaintiff's damage in an amount to be provided at trial, but no less than ONE MILLION DOLLARS ($1,000,000.00), plus punitive damages.

**AS AND FOR PLAINTIFF'S SIXTH CLAIM FOR RELIEF AGAINST THE CITY OF NEW YORK, THE NEW YORK CITY POLICE POLICE DEPARTMENT, NEW YORK CITY POLICE OFFICER JOHN DOE #1, POLICE OFFICER JOHN DOE #2, POLICE OFFICER JOHN DOE #3**

54. Plaintiff repeats and realleges each and every allegation contained in those paragraphs of the complaint marked and numbered previously with the same force and effect as if more fully set forth at length herein.

55. Upon information and belief, it was the custom, policy and practice of THE CITY OF NEW YORK and THE NEW YORK CITY POLICE DEPARTMENT to hire certain officers, including defendants POLICE OFFICERS JOHN DOE #1, JOHN DOE #2 and JOHN DOE #3, without conducting the appropriate background check, investigations and psychological evaluations.

56. Upon information and belief, it was the custom, policy and practice of THE CITY OF NEW YORK and THE NEW YORK CITY POLICE DEPARTMENT to conduct inadequate investigations of officer candidates as was done with POLICE OFFICERS JOHN DOE #1, POLICE OFFICER JOHN DOE #2 and POLICE OFFICER JOHN DOE #3.

57. Upon information and belief, it was the custom, policy and practice of THE CITY OF NEW YORK and THE NEW YORK CITY POLICE DEPARTMENT to continue to employ Police Officers, including defendants JOHN DOE #1, JOHN DOE #2 and JOHN DOE #3, after it is known that such officers consistently violate the constitutional rights of persons such as plaintiff.

58. These customs, policies and practices were the moving force, proximate cause, or affirmative link behind the conduct causing plaintiff's injuries.

59. Defendants, THE CITY OF NEW YORK and THE NEW YORK CITY POLICE DEPARTMENT, are therefore liable for violations of plaintiff's constitutional rights as caused by defendants as described in more detail in the foregoing paragraphs; and plaintiff has suffered damages therefrom.

60. As a proximate result of defendants customs, policies and practices for negligent hiring, improper supervision and improper retention of officers, plaintiff was greatly physically injured, humiliated, injured in his reputation, caused to incur attorneys' fees, associated legal expenses and other special damages, and has suffered great mental anguish, all to plaintiff's damage in a sum to be provided at trial, but not less than ONE MILLION DOLLARS ($1,000,000.00), plus attorneys' fees.

### AS AND FOR PLAINTIFF'S SEVENTH CLAIM FOR RELIEF AGAINST POLICE OFFICERS JOHN DOE #2 AND JOHN DOE #3 FOR FAILURE TO INTERVENE

61. Plaintiff repeats and realleges each and every allegation contained in those paragraphs of the complaint marked and numbered previously with the same force and effect as if more fully set forth at length herein.

62. The defendant, POLICE OFFICER JOHN DOE #1, battered and assaulted the plaintiff in direct violation of his Constitutional Rights.

63. The defendants, POLICE OFFICER JOHN DOE #2 and POLICE OFFICER JOHN DOE #3, violated the Constitutional Rights of the plaintiff and failed to prevent the obvious violations.

64. The defendants, POLICE OFFICER JOHN DOE #2 and POLICE OFFICER JOHN DOE #3, failed to perform their sworn duty as Police Officers to prevent crimes in their presence. The failure to act on the part of the defendant was a direct result of a culture that exists in THE NEW YORK CITY POLICE DEPARTMENT to condone, overlook and/or ignore excessive force committed by members of THE NEW YORK CITY POLICE DEPARTMENT against civilians.

65. Defendants, POLICE OFFICERS JOHN DOE #2 and POLICE OFFICER JOHN DOE #3, are therefore liable for violations of plaintiff's constitutional rights as caused by defendant, POLICE OFFICER JOHN DOE #1, as described in more detail in the foregoing paragraphs; and plaintiff has suffered damages therefrom.

66. As a proximate result of defendants' actions/inaction, plaintiff was greatly physically injured, humiliated, injured in his reputation, caused to incur attorneys' fees, associated legal expenses and other special damages, and has suffered great mental anguish, all

to plaintiff's damage in a sum to be provided at trial, but not less than ONE MILLION DOLLARS ($1,000,000.00), plus attorneys' fees.

### PRAYER FOR RELIEF

**WHEREFORE**, plaintiff demands the following relief:

A. Under the First Claim for Relief, in the amount of ONE MILLION ($1,000,000.00) DOLLARS, plus punitive damages and attorneys' fees;

B. Under the Second Claim for Relief against the City of New York and the New York City Police Department;

C. Under the Third Claim for Relief for Violation of Plaintiff's Substantive Due Process (1983) against THE CITY OF NEW YORK, THE NEW YORK CITY POLICE POLICE DEPARTMENT, NEW YORK CITY POLICE OFFICER JOHN DOE #1, POLICE OFFICER JOHN DOE #2, POLICE OFFICER JOHN DOE #3;

D. Under the Fourth Claim for Relief for Violation of Plaintiff's Procedural Due Process (1983) against THE CITY OF NEW YORK, THE NEW YORK CITY POLICE POLICE DEPARTMENT, NEW YORK CITY POLICE OFFICER JOHN DOE #1, POLICE OFFICER JOHN DOE #2, POLICE OFFICER JOHN DOE #3;

E. Under the Fifth Claim for Relief for Assault and Battery (Pendent) THE CITY OF NEW YORK, THE NEW YORK CITY POLICE POLICE DEPARTMENT, NEW YORK CITY POLICE OFFICER JOHN DOE #1, POLICE OFFICER JOHN DOE #2, POLICE OFFICER JOHN DOE #3;

G. Under the Sixth Claim for Relief against THE CITY OF NEW YORK, THE NEW YORK CITY POLICE POLICE DEPARTMENT, NEW YORK CITY POLICE OFFICER JOHN DOE #1, POLICE OFFICER JOHN DOE #2, POLICE OFFICER JOHN DOE #3;

H. Under the Seventh Claim for Relief against JOHN DOE #2 and JOHN DOE #3 FOR FAILURE TO INTERVENE; and

I. All together with interest thereon from June 6, 2011, together with such other, further and different relief as may appear to this Court to be justified under the circumstances, and the costs and disbursements of this action.

Dated: Westchester, New York
March 29, 2012

*[signature]*
Barbara A. Matarazzo, Esq. (BAM-8380)
THE LAW OFFICE OF BARBARA A. MATARAZZO
1025 Westchester Avenue – Ste. 402
White Plains, NY 10601
(914) 346-8088-Main/(914) 681-0013-Fax
Our File#: 114/Email: bamatarazzo@gmail.com
*Attorneys for plaintiff, Ryan Ziemba*

14

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Docket No.: 12 CV 2379

---

RYAN ZIEMBA,

                *Plaintiff,*

-*against* -

THE CITY OF NEW YORK, THE NEW YORK CITY POLICE DEPARTMENT, NEW YORK CITY POLICE OFFICER JOHN DOE #1, POLICE OFFICER JOHN DOE #2, POLICE OFFICER JOHN DOE #3,

                *Defendants.*

---

## COMPLAINT

---

### LAW OFFICE OF BARBARA A. MATARAZZO
*Attorneys for Plaintiff, Ryan Ziemba*
Office & P.O. Address:
1025 Westchester Avenue, Suite 402
White Plains, New York 10604
Tel.: (914) 346-8088
Fax: (914) 681-0013

*Pursuant to 22 NYCRR 130-1.1-a, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information and belief and reasonable inquiry, (1) the contentions contained in the annexed document are not frivolous and that (2) if the annexed document is an initiating pleading, (i) the matter was not obtained through illegal conduct, or that if it was, the attorney or other persons responsible for the illegal conduct are not participating in the matter or sharing in any fee earned therefrom and that (ii) if the matter involved potential claims for personal injury or wrongful death, the matter was not obtained in violation of 22 NYCRR 1200.41-a.*

*Dated:*_____                  *Signature*_____